IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DXE CORPORATION LIQUIDATING TRUST fka ADVANCED CREATIONS, INC., | CASE NO. 3:12-CV-00098-WHR |
| | JUDGE WALTER H. RICE |
| Plaintiff, | |
| v. | |
| L3 COMMUNICATIONS CORP., et al., | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

WHEREAS, Plaintiff DXE Corporation Liquidating Trust fka Advanced Creations, Inc. ("Plaintiff") and Defendants L-3 Communications Corporation and L-3 Communications Avionics Systems, Inc. ("Defendants") (Plaintiff and Defendants individually, "Party", and collectively, "Parties") believe that certain portions of the discovery and testimony requested or to be requested by the other Party in this lawsuit may involve or result in the disclosure of confidential information; and,

WHEREAS, each Party believes that it will serve the interests of all Parties to conduct discovery and take testimony under a Stipulated Protective Order ("Order") and Acknowledgment of Understanding and Agreement to be Bound ("Acknowledgment").

The Parties stipulate and agree to the terms of this Order; accordingly, it is ORDERED:

**1.    Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good

72068800.2

cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

    **2.**    **Form and Timing of Designation.** A Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or, as appropriate, "CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designations "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" do not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

    **3.**    **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any Party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information that is nonpublic, sensitive, and proprietary to the disclosing Party or another with whom the disclosing Party does

72068800.2           2

business, such as business plans, personnel files, salary, benefits, purchase and sales agreements, and any other such similar information. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4. **Documents which may be designated CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER.** Any Party may designate documents as CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information that is so highly confidential and proprietary in nature that it constitutes unusually sensitive and proprietary business information, the disclosure of which, even if subject to a CONFIDENTIAL designation, would increase the probability that a Party or non-party would suffer a detriment. Such designation, however, is subject to the objection of the other Party. Where such an objection is raised, the Parties will meet and confer in accordance with ¶9 of this Order. Neither Party concedes, allows or otherwise admits by signing this stipulation that any document in the possession of either Party is appropriately subject to the CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER language. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES

72068800.2   3

ONLY – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

6. **Protection of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER material.**

(a) **General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 6(b)(1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

**(1)    Outside Counsel.**  Trial counsel for the Parties and employees and agents of counsel and their respective law firms who have responsibility for the preparation and trial of the action.  Trial counsel for Defendants shall be Michael H. Diamant, Mark R. Jacobs, Amelia J. Workman Farago, Gregory G. Lockhart and Victoria L. Nilles.  Trial counsel for Plaintiff shall be Stuart E. Scott, Daniel Frech, and Michael Hill (collectively "Trial Counsel");

**(2)    Parties.** Parties and employees of a Party to this Order, including in-house counsel;

**(3)    Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)    Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment;

**(5)    The Court.**  The Court, including Court personnel and jurors in this action; and

**(6)    Others by Consent.** Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

72068800.2

5

All such persons shall execute the certification contained in Attachment A, Acknowledgment, prior to reviewing the information.

**(c)** **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

 **(e)**   **Inadvertent Production.** In the event of the inadvertent omission of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation from a document, thing, interrogatory answer, deposition testimony, or other item containing CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER, the provisions of Paragraph 13 shall apply.

7.   **Protection of CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER Material.**

 **(a)**   **General Protections.** Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in ¶ 7(c) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

 **(b)**   **Redacted and Original Versions** – Where a Party claims that a document is appropriately designated CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, it will produce to the other Party's Trial Counsel the original document, marked CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. If only a portion of that document is claimed to be CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER the Producing Party will also produce a redacted version of the document, redacting only that information the Party claims

72068800.2   7

is appropriately designated CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. The redacted version of the document may be marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or not marked CONFIDENTIAL, as appropriate.

(c) **Limited Third-Party Disclosures.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 7(b)(1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER:

(1) **Outside Counsel.** Trial Counsel for the Parties and employees and agents of Trial Counsel and their respective law firms who have responsibility for the preparation and trial of the action;

(2) **In House-Counsel.** In-house counsel for the parties, who have responsibility for this action, and their assistants;

(3) **Parties Subsequent to Notice.** Employees of a Party who assist Trial Counsel to prosecute or defend this lawsuit, who have been pre-identified to the other Party's trial counsel and as to whom no objection is made within five (5) days of receipt of written notice of their identities. If there is an objection, then the Party seeking to disclose to such employees may file a motion with the Court seeking permission

for such person to have access and the opposing Party shall have the opportunity to raise its objections;

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment;

**(6) The Court.** The Court, including Court personnel and jurors in this action; and

**(7) Others by Consent.** Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment, prior to reviewing the information.

**(d)** **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER information pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year

72068800.2

9

after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e)** **Copies.** Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f)** **Inadvertent Production.** In the event of the inadvertent omission of the CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation from a document, thing, interrogatory answer, deposition testimony, or other item containing ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER information, the provisions of Paragraph 13 shall apply.

8. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE**

**ORDER Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

**(a)** Before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS" or "CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" as applicable, displaying the case name, docket number, a designation of what the document is, the name of the Party on whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(b)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the Parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

9. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL

72068800.2  11

ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any Party or non-party with standing to object. The Party objecting to a particular confidentiality designation shall have an obligation to meet and confer in a good faith effort with the Party making the designation to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement. If the Parties are unable to reach a mutually agreed upon solution, the Party seeking to change the designation of a particular document marked either CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, may file a motion with the Court for a determination. The Party seeking the change in designation shall have the burden of going forward and filing a simple motion seeking a change in designation. However, the Party, who has so designated the document, shall have the burden of proving that the designation of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER is appropriate and justified.

**10. Action by the Court.** Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

72068800.2

**11. Use of Confidential Documents or Information at Trial.** Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such Party shall provide advance notice to the other Party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. Obligations on Conclusion of Litigation.**

    **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b) Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including

copies as defined in ¶¶ 6(d) and 7(d), shall be returned to the producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy

documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**13. Inadvertent Omission of Designation.** If the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER identification or label is inadvertently omitted from any document, thing, interrogatory answer, deposition testimony, or other item containing CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER information, the disclosing Party shall notify the receiving Party promptly upon discovery of the omission, and the receiving Party will promptly apply the appropriate CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER label or designation. Thereafter, the Parties shall treat the document, thing, interrogatory answer, deposition testimony, or other item in the manner set forth in this Order.

**14. Privilege.** If information is inadvertently produced in discovery that is subject to the attorney client or work product privilege, the Party making the claim of privilege shall promptly notify the Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, sequester or destroy the specified information and any copies that it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party has disclosed it before being notified; and may promptly present the information to the Court under seal for determination of the claim. The

72068800.2                                15

producing Party must preserve the information until the claim is resolved. Any such inadvertent disclosure shall not be deemed a waiver of privilege as to those materials, unless the Court determines that the materials need not be returned and may be used for the purposes of the case. In no event will such inadvertent disclosure be deemed a waiver of any privilege generally.

**15. Non-parties May Avail Themselves of Protection.** Non-parties who are called upon to furnish information in this lawsuit may avail themselves of the provision of this Order in the same way as the Order protects information furnished by the Parties, by designating such material pursuant to the provisions of this Order.

**16. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 7-23-12

_____
UNITED STATES DISTRICT JUDGE

**WE SO STIPULATE**

s/ Daniel Frech (per authorization)
Stuart E. Scott (0064834)
sscott@spanglaw.com
Daniel Frech (0082737)
dfrech@spanglaw.com
Spangenberg Shibley & Liber LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232; (216) 3924 (fax)

*Attorneys for Plaintiff*

**WE SO STIPULATE**

s/ Michael H. Diamant
Michael H. Diamant (0000119)
mdiamant@taftlaw.com
Mark R. Jacobs (0071228)
mjacobs@taftlaw.com
Amelia J. Workman Farago (0080260)
afarago@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
(216) 241-2838; (216) 214-3707 fax

and

Gregory G. Lockhart (0007791)
glockhart@taftlaw.com
Victoria L. Nilles (0076616)
vnilles@taftlaw.com
Taft Stettinius & Hollister, LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423
(937) 228-2838; (937) 228-2816 (fax)

*Attorneys for Defendants*